IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 29 2012

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              CR No. 12-1488 RB

CRUZ GARCIA,

    Defendant.

## ORDER ADOPTING AS AMENDED MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed on September 21, 2012, (Doc. 38); *Defendant's Amended Objections to Proposed Findings and Recommended Disposition of Defendant's Motion to Suppress* ("Objections") filed on October 4, 2012, (Doc. 40); and *United States' Response to Defendant's Amended Objections to Proposed Findings and Recommended Disposition of Defendant's Motion to Suppress* ("Response") filed on October 19, 2012, (Doc. 45).

Based on the totality of the circumstances, the Magistrate Judge found that Officer Devos's decision to conduct a *Terry* frisk was reasonable, and recommended that this Court deny Defendant's *Motion to Suppress*. (Doc. 38). After a *de novo* review of the record, the PFRD, the Objections, and the Response, this Court finds that the totality of the circumstances supports a conclusion that Officer Devos's decision to perform a *Terry* frisk was reasonable. For the reasons explained below, this Court sustains Defendant's first and second objections and overrules objections three and four. The PFRD is **adopted as amended** and the Motion to Suppress is **DENIED**.

**Background**

The Court will only briefly state the background of this case as the Magistrate Judge did so in detail in the PFRD. On February 4, 2012, at approximately 7:45 pm, Officer Barton Devos pulled over a car in which Defendant was a passenger. (*Transcript of Hearing*, 8/30/12, at 13, 17).[1] After Officer Devos decided to arrest the driver for driving with a suspended license, he determined that towing the vehicle was necessary as its cracked windshield made it unsafe to drive. (*Id.* at 21, 94). Department regulations required Officer Devos to perform an inventory search of the car before it was towed. (*Id.* at 20-21). Before performing the inventory search, Officer Devos asked Defendant to get out of the car. (*Id.* at 22-23). Once Defendant had exited the car, Officer Devos performed a pat-down frisk and found a gun clip in Defendant's pocket. (*Id.*).

At the evidentiary hearing held before the Magistrate Judge, Officer Devos explained that his decision to frisk Defendant was based on his feeling that Defendant might be dangerous and gain access to a weapon. (*Id.* at 23-27). He provided several reasons for being concerned about his safety: he felt he would be in a vulnerable position because he would have to turn his back to Defendant while conducting the inventory search and he was without backup; other Roswell Police Department officers had informed him that Defendant had a violent criminal history; he knew that Defendant used heroin and might be carrying a needle that could be used as a weapon; Defendant fled from him two weeks earlier and Officer Devos had to deploy his Taser to subdue Defendant; and Defendant fidgeted nervously during the stop and did not react when the driver of the vehicle gave a false name to Officer Devos. (*Id.* at 11, 24-27, 29).

---

[1] References to the transcript of the hearing shall be cited as "Tr."

2

In the PFRD, the Magistrate Judge analyzed whether Officer Devos's reasons for being concerned about his safety supported a conclusion that his decision to frisk Defendant was reasonable. (Doc. 38 at 6-16). The Magistrate Judge found that although Defendant's known drug use did not support Officer Devos's belief that Defendant could be armed and dangerous, the other factors combined (his knowledge of Defendant's violent criminal history, his previous encounter with Defendant, Defendant's nervous behavior, and Defendant's failure to react when the vehicle's driver gave a false name) justified a finding that Officer Devos had a reasonable and articulable suspicion that Defendant was armed and dangerous. (*Id.* at 16).

**Defendant's Objections**

Defendant's first and second objections relate to the Magistrate Judge's use of Officer Devos's testimony that Defendant's failure to react to the driver giving a false name was suspicious and contributed to his decision to frisk Defendant. (Doc. 4- at 1-2). A careful review of the audio recording of the traffic stop indicates that Officer Devos's testimony was inaccurate. (Gov't Ex. 5). The recording shows that Officer Devos was not aware that the driver had provided a false name before he frisked Defendant, thus this information could not have formed a basis for his reasonable and articulable suspicion that Defendant was armed and dangerous. (*Id.*). Therefore, the PFRD is amended to exclude this factor from the analysis of the totality of the circumstances.

Defendant also objects to the Magistrate Judge's finding that the previous encounter between Officer Devos and Defendant contributed to Officer Devos's belief that Defendant was a safety risk during the traffic stop. (Doc. 40 at 2-4). Defendant emphasizes the fact that Defendant fled from Officer Devos during the first encounter, but

3

does not address the Magistrate Judge's finding that Officer Devos offered credible testimony that Defendant took an aggressive stance when he could flee no further. (*Id.*; Doc. 38 at 14-15). Defendant would like this Court to find that the prior interaction could not have led to Officer Devos having an objectively reasonable belief that Defendant was armed and dangerous, particularly because Defendant "actively sought to avoid confrontation with Officer Devos rather than provoke it." (Doc. 40 at 3-4). However, this ignores Officer Devos's credible testimony, and a Court must "accord deference to an officer's ability to distinguish between innocent and suspicious actions." *United States v. Gandara-Salinas*, 327 F.3d 1127, 1130 (10th Cir. 2003). This objection is overruled and the prior encounter between Defendant and Officer Devos will be considered as a contributing factor to Officer Devos's belief that Defendant was armed and dangerous during the traffic stop.

In his last objection, Defendant suggests that the Magistrate Judge incorrectly found that the totality of the circumstances supported a reasonable inference that Defendant was armed and dangerous at the time Officer Devos decided to pat-down Defendant. (Doc. 40 at 4). Specifically, Defendant asserts that the Magistrate Judge placed too much weight on Defendant's violent criminal history, his nervousness during the traffic stop, and the prior encounter between Officer Devos and Defendant. (*Id.*). In considering this objection, the Court will review whether, based on all of the factors known to him when he decided to frisk Defendant, Officer Devos had a reasonable and articulable suspicion to believe that Defendant was armed and dangerous.

At the time of his decision, Officer Devos was aware that Defendant had a violent criminal past, Defendant was a drug user, Defendant had fled from him just a few weeks earlier, and Defendant had been acting nervously throughout the traffic stop. (Tr. at 11,

4

24-27, 29). Each of these factors was individually analyzed in the PFRD; the Magistrate Judge found that, with the exception of Defendant's drug use, each of those factors contributed to Officer Devos's reasonable belief that Defendant was armed and dangerous. (Doc. 38 at 9-16). For the reasons articulated by the Magistrate Judge, this Court agrees that the combination of Defendant's violent criminal past, nervous behavior, and previous encounter with Officer Devos provides some support for Officer Devos's belief that Defendant could be armed and dangerous. This Court also notes that the Magistrate Judge emphasized that no particular factor was especially probative of Defendant's potential to be violent, but that the standard is the totality of all circumstances. (Doc. 38 at 16). Thus, this Court finds that the Magistrate Judge did not place too much weight on any particular factor.

However, the Court does acknowledge that the Magistrate Judge considered Defendant's failure to react when the driver provided Officer Devos with a false name, and that the exclusion of this factor means that Officer Devos had fewer articulable facts on which to base his suspicion. However, the Magistrate Judge did not thoroughly consider that Officer Devos made this traffic stop while he was alone,[2] at night, on a road that does not have much traffic. (Tr. at 13, 27, 42). It is well accepted that police officers can take reasonable steps to protect their personal safety, including a limited pat-down to ensure that the officer can continue his investigation without fearing for his safety. *See United States v. Manjarrez*, 348 F.3d 881, 886-87 (10th Cir. 2003). A reasonably prudent individual in Officer Devos's circumstances would likely be concerned for his safety.

---

[2] At some point after Officer Devos frisked Defendant and began the inventory search, another officer was briefly at the scene. (Tr. at 27-28). However, because the analysis must focus on whether Officer Devos had a reasonable and articulable suspicion that Defendant was armed and dangerous at the time that he performed the frisk, this is irrelevant.

Therefore, this factor should also be considered when evaluating the totality of the circumstances.

In order to perform the required inventory search of the vehicle before it was towed, Officer Devos would have to divert his attention from Defendant, while at the same time placing himself in a physically vulnerable position with respect to Defendant. He was the only officer at the scene, in the company of Defendant who was acting nervously and whom he knew had a violent past. (Tr. at 13, 17-18, 25-27, 85-86, 96). Furthermore, only two weeks before, Officer Devos had to chase and subdue Defendant with a Taser in order to execute an arrest warrant. (*Id.* at 25). While this Court agrees with the Magistrate Judge that "none of the individual factors . . . were particularly indicative of Mr. Garcia's dangerousness on the evening of February 4, 2012," (Doc. 38 at 16), the Court must consider the totality of the circumstances. *See United States v. Wood*, 106 F.3d 942, 946 (10th Cir. 1997). Based on the totality of the circumstances, the Court finds that Officer Devos had a reasonable and articulable suspicion that Defendant was armed and dangerous, and was warranted in his belief that his safety was in danger.

**IT IS HEREBY ORDERED** that (i) Objections One and Two are SUSTAINED; ii) Objections Three and Four are OVERRULED; and (iii) Defendant's Motion to Suppress is **DENIED**.

HONORABLE ROBERT BRACK
**UNITED STATES DISTRICT JUDGE**